IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KELVIN ANDRE SPOTTS | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv899 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Plaintiff Kelvin Andre Spotts, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this lawsuit against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2271, *et seq.*[1]

Factual Allegations

Plaintiff alleges that in December, 2007, he placed two boxes of legal materials in his counselor's office at the United States Penitentiary in Beaumont, Texas.[2] He states the boxes were left in the office so they could be weighed and mailed to his parents' home.

Plaintiff states that on January 3, 2008, his building was flooded with raw sewage and water. The counselor's office, which was located on the first floor was also flooded, resulting in the destruction of his legal materials.

---

[1] Plaintiff also asserted civil rights claims against certain prison employees. Those claims have been severed into a separate lawsuit.

[2] Included in the two boxes were grand jury transcripts, court transcripts, exhibits and various legal pleadings.

Analysis

"It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued ... and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Under the FTCA, the United States has consented to be sued for "injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). However, the FTCA constitutes a limited waiver of sovereign immunity. *United States v. Orleans*, 425 U.S. 807 (1976). Courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign. *See United States v. Nordic Village, Inc.*, 503 U.S. 30 (1992).

The FTCA contains several exceptions to the waiver of sovereign immunity. When an exception applies, a federal court lacks subject-matter jurisdiction to hear the claim. *Hobdy v. United States*, 762 F. Supp. 1459 (D. Kan. 1991). One exception provides that the FTCA does not apply to:

> [a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer.

28 U.S.C. §2680(c).

Both the Supreme Court and the United States Court of Appeals for the Fifth Circuit have held that employees of the

2

Bureau of Prisons are "law enforcement officers" within the meaning of Section 2680(c). *Ali v. Federal Bureau of Prisons*, 512 U.S. 214, 216 (2008); *Chapa v. United States Department of Justice*, 339 F.3d 388, 390 (5th Cir. 2003). As a result, Section 2680(c) exempts from the FTCA's waiver of sovereign immunity any claim based on the detention of property or goods by an employee of the Bureau of Prisons. As plaintiff's FTCA claim is based on the detention of goods by employees of the Bureau of Prisons, the United States has not waived sovereign immunity with respect to the claim and the court lacks subject-matter jurisdiction over the claim. *See Adekoya v. Federal Bureau of Prisons*, 375 Fed.Appx. 119 (2nd Cir. 2010) (sovereign immunity barred prisoner's FTCA claim for damages sustained to personal property as a result of flooding in prison storeroom).

## Conclusion

For the reasons set forth above, this lawsuit will be dismissed without prejudice for lack of subject-matter jurisdiction. An appropriate final judgment shall be entered.

**SIGNED** this the **2** day of **February, 2011.**

_____
Thad Heartfield
United States District Judge

3